UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BASSAM ATWELL,

    Plaintiff,

vs.                                                                                 Case No. 12-10061
                                                                    Hon. Lawrence P. Zatkoff

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, and
HUDSON INSURANCE COMPANY,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 7th day of February, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on a Motion to Dismiss filed by Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") (Docket #25). After Plaintiff failed to file a response, the Court issued: (a) an Order to Show Cause why this case should not be dismissed for failure to prosecute, and (b) to the extent Plaintiff wanted to file a substantive response to the Motion to Dismiss, an Order to file a separate response. Plaintiff filed a single document in response to the Order to Show Cause. The Court finds that the facts and legal arguments pertinent to National Union's Motion to Dismiss are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R.

7.1(f)(2), it is hereby ORDERED that the Motion to Dismiss be resolved on the briefs submitted by the parties, without this Court entertaining oral arguments. For the reasons that follow, National Union's Motion to Dismiss is denied without prejudice.

## II. BACKGROUND

In the words of Plaintiff, this matter presents a combined claim for no-fault and uninsured motorist benefits for injuries Plaintiff suffered in an automobile accident on or about November 21, 2010. Plaintiff alleges that he suffered serious and disabling injuries to his skeletal system and nervous system, as well as to muscles, tendons, ligaments, nerves, and tissue in his legs, feet, knees, neck, back, shoulders, arms, hands and other parts of his body. Plaintiff also alleges a possible closed head injury. Plaintiff alleges that Defendants have paid for some of his expenses and losses, but that Defendants have failed, neglected and/or refused to pay additional costs that Plaintiff has and will accrue.

National Union filed a Motion to Dismiss that stated:

    A. On September 20, 2012, National Union submitted Interrogatories, Request for Production, and Requests for Admission ("Discovery Requests") regarding Plaintiff's claim.

    B. Responses to the Discovery Requests were due October 20, 2012, but no responses were received prior to the filing of the Motion to Dismiss.

    C. National Union's Discovery Requests included the following Requests for Admission:

        **1. Please admit that there are no outstanding benefits owed to you under the National Union Policy at issue in this matter.**

        \* \* \* \* \*

   **5.** **Please admit that you did not seek any benefits under the National Union Policy at issue in this matter subsequent to May 17, 2011.**

   **6.** **Please admit that you do not seek any benefits under the National Union Policy at issue in this matter subsequent to May 17, 2011.**

   **7.** **Please admit that any and all benefits were paid by National Union pursuant to the National Union Policy at issue in this matter for the time period immediately following the underlying accident through May 24, 2011.**

 D. Fed.R.Civ.P. 36(a) provides that "[t]he matter is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter."

 E. Dismissal of National Union is appropriate upon admission of the above Requests for Admission, as Plaintiff admits that no benefits as to National Union are outstanding or unpaid.

  WHEREFORE, Defendant National Union requests that this Honorable Court enter an Order that deems each of the requests for admission dated September 20, 2012 admitted, and as a result, dismiss Plaintiff's Complaint as to National Union, together with costs and attorney fees.

  Alternatively, Defendant National Union requests this Honorable Court enter an Order compelling Plaintiff to respond to its Discovery Requests within 14 days from entry of said Order, together with costs and attorney fees.

### III. ANALYSIS

  National Union asks the Court to dismiss Plaintiff's cause of action against Defendant or, alternatively, issue an order to compel Plaintiff, pursuant to, and due to Plaintiff's alleged failure to comply with, the Federal Rules of Civil Procedure.

  Eastern District of Michigan Local Rule 7.1 provides:

**LR 7.1 Motion Practice**

**(a) Seeking Concurrence in Motions and Requests.**

(1) The movant must ascertain whether the contemplated motion, or request under Federal Rule of Civil Procedure 6(b)(1)(A), will be opposed. If the movant obtains concurrence, the parties or other persons involved may make the subject matter of the contemplated motion or request a matter of record by stipulated order.

(2) If concurrence is not obtained, the motion or request must state:

(A) there was a conference between attorneys or unrepresented parties and other persons entitled to be heard on the motion in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought; or

(B) despite reasonable efforts specified in the motion or request, the movant was unable to conduct a conference.

(3) The court may tax costs for unreasonable withholding of consent.

In reviewing National Union's Motion to Dismiss, the Court notes that National Union failed to identify: (a) whether it sought concurrence from Plaintiff, (b) whether such concurrence was obtained or denied, and/or (c) whether a conference for purposes of obtaining concurrence was held or not possible. In other words, the Court finds that National Union failed to comply with Local Rule 7.1(a).

As National Union is asking the Court to take action against Plaintiff for alleged failure to comply with the rules of the Court, the Court concludes that it would contravene the interests of justice to, in effect, reward National Union when it similarly failed to comply with the rules of the

Court in making its request. The Court therefore denies without prejudice National Union's Motion to Dismiss.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, National Union's Motion to Dismiss (Docket #25) is DENIED WITH PREJUDICE.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff  
LAWRENCE P. ZATKOFF  
UNITED STATES DISTRICT JUDGE

Dated: February 7, 2013