**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BASSAM ATWELL,[1]

      Plaintiff,

vs.                                                   Case No. 12-10061
                                                      Hon. Lawrence P. Zatkoff

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, and
HUDSON INSURANCE COMPANY,

      Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 27th day of March, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on a Motion for Summary Judgment filed by Defendant

Hudson Insurance Company ("Hudson") (Docket #29).  After Plaintiff failed to file a response, the

Court issued: (a) an Order to Show Cause to Plaintiff, wherein the Court ordered Plaintiff to explain

why this case should not be dismissed for failure to prosecute, and (b) to the extent Plaintiff wanted

to file a substantive response to the Motion for Summary Judgment, an Order to file a response to

the Motion for Summary Judgment.  Plaintiff filed a response to the Order to Show Cause, wherein

_____

[1]As established at Plaintiff's deposition, Plaintiff's name is "Bassam Atweh," not Bassam
Atwell.  Plaintiff has not, however, filed anything with the Court to amend the caption of this
case.

Plaintiff argued why his case should not be dismissed for failure to prosecute. Plaintiff still has not, in any manner, responded to Hudson's Motion for Summary Judgment. The Court finds that the facts and legal arguments pertinent to Hudson's Motion for Summary Judgment are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that Hudson's Motion for Summary Judgment be resolved on the briefs submitted by the parties, without this Court entertaining oral arguments. For the reasons that follow, Hudson's Motion for Summary Judgment is granted.

## II. BACKGROUND

In this case, Plaintiff has pled a combined claim for no-fault and uninsured motorist benefits for injuries Plaintiff suffered in an automobile accident that occurred on November 21, 2010. On the date of the accident, Plaintiff was under dispatch from Bolt Express, LLC ("Bolt Express"), and he was driving a cargo van he had leased to Bolt Express for delivering cargo. Plaintiff had picked up a load of cargo in Michigan and was on his way to Maryland for delivery. En route, in Oregon, Ohio, Plaintiff was proceeding eastbound on Interstate 280 when a semi-tractor drifted into his lane, causing Plaintiff to strike the median wall. Plaintiff alleges that he suffered serious and disabling injuries to his skeletal system and nervous system, as well as to muscles, tendons, ligaments, nerves, and tissue in his legs, feet, knees, neck, back, shoulders, arms, hands and other parts of his body. Plaintiff also alleges a possible closed head injury. Plaintiff asserts that Defendants have paid for some of his expenses and losses but that Defendants have failed, neglected and/or refused to pay additional costs that Plaintiff has accrued and will accrue.

2

First party no fault coverage for Plaintiff's injuries and damage was provided by Great West Casualty, which Bolt Express carries for its drivers.  Plaintiff was also a named insured under a "non-trucking" insurance policy issued by Hudson (the "Hudson Policy").  The Hudson Policy contains a "Certificate of Non-Trucking Automobile Liability" ("Certificate") that states, in part:

> No coverage is afforded when the described vehicle(s) is (are):
>
> 1.  Under motor carrier direction, control, or dispatch.
>
> 2.  Used to carry property in any business or in route for such purpose.

The Hudson Policy, via a "Michigan Truckers-Insurance for Non-Trucking Use" endorsement (the "Non-Trucking Use Endorsement"), also provides:

> Michigan Personal Injury and Property Protection coverages do not apply to "bodily injury" or "property damage" resulting from the operation, maintenance or use of a covered "auto" in the business of anyone to whom it is leased or rented if the lessee has Michigan Personal Insurance and Property Protection coverages on the "auto."

### III.  LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56[] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").  A party must support its assertions by:

> (A)  citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only),

3

admissions, interrogatory answers, or other materials; or

(B)     showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).

The moving party bears the initial burden of demonstrating the absence of any genuine dispute as to a material fact, and all inferences should be made in favor of the nonmoving party. *Celotex*, 477 U.S. at 323.  The moving party discharges its burden by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325)).

Once the moving party has met its initial burden, the burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV.  ANALYSIS

Hudson argues that: (a) because Plaintiff was under dispatch from Bolt Express to haul goods on behalf of Bolt Express, (b) coverage under the Hudson Policy was precluded under the provisions of the Hudson Policy, specifically the Certificate and the Non-Trucking Use Endorsement.  For the

4

reasons set forth below, the Court agrees.

The Court first reiterates that: (1) Plaintiff did not file a brief in response to Hudson's Motion for Summary Judgment, (2) the Court then ordered Plaintiff to show cause why the case should not be dismissed for lack of prosecution and gave Plaintiff an additional opportunity to file a substantive brief in opposition to Hudson's Motion for Summary Judgment, and (3) Plaintiff filed a response to the order to show cause but did not file a brief in opposition to Hudson's Motion for Summary Judgment.  In other words, Plaintiff has offered no evidence or argument in opposition to Hudson's Motion for Summary Judgment.  As such, assuming Hudson meets its burden under Rule 56 (*i.e.*, by "show[ing] that there is no genuine dispute as to any material fact and [Hudson] is entitled to judgment as a matter of law"), Plaintiff's cause of action against Hudson must be dismissed because Plaintiff will have "fail[ed] to make a showing sufficient to establish the existence of an [the] element[s] essential to [his] case, and on which [he] will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The Court finds that Hudson has met its burden of demonstrating that there is no genuine dispute as to any material fact in this case.  The language of the Hudson Policy, namely certain of the provisions of the Certificate and the Non-Trucking Use Endorsement, unequivocally bars coverage to Plaintiff under the undisputed facts of this case.  As set forth above, it is undisputed that:

(a)     The cargo van involved in the accident was leased to Bolt Express by Plaintiff; and

(b)     Plaintiff was under dispatch from Bolt Express to haul goods for Bolt Express when the accident occurred and Plaintiff suffered his injuries.

The Certificate, whose applicability to this case Plaintiff does not contest, unambiguously bars coverage to a policyholder who is driving a covered vehicle that is: "1. Under motor carrier

5

direction, control, or dispatch[,]" or "2. [Being] [u]sed to carry property in any business or in route for such purpose." In this case, the cargo van was under motor carrier (Bolt Express) dispatch and being used to carry property in a business (Bolt Express goods). In addition, the Non-Trucking Use Endorsement unambiguously bars coverage for "'bodily injury' or 'property damage' resulting from the operation, maintenance or use of a covered 'auto' [the cargo van] in the business of anyone to whom it is leased or rented if the lessee has Michigan Personal Insurance and Property Protection coverages on the 'auto.'" In this case, Hudson states, without objection, that "[f]irst part no fault coverage was provided to Bolt Express drivers [*i.e.*, Plaintiff] by Great West Casualty."

Pursuant to the applicable law for Rule 56 analysis, the absence of a response by Plaintiff to Hudson's motion for summary necessitates a finding that Plaintiff has failed to:

> support [the] assertions [against Hudson] by:
>
> > (A)   citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B)   showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

Therefore, for the reasons set forth above, the Court concludes that the coverage Plaintiff seeks from Hudson in this case is barred by the terms of the Hudson Policy, namely the Certificate and the Non-Trucking Use Endorsement. Accordingly, the Court grants Hudson's Motion for Summary Judgment.

## V.  CONCLUSION

Accordingly, and for the reasons set forth above, Hudson's Motion for Summary Judgment (Docket #29) is GRANTED, and Plaintiff's cause of action against Hudson is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE