UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BASSAM ATWELL,[1]

    Plaintiff,

vs.                                          Case No. 12-10061
                                                  Hon. Lawrence P. Zatkoff

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, and
HUDSON INSURANCE COMPANY,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 27th day of March, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

In 2012, Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") filed a Motion to Dismiss. After Plaintiff failed to file a response, the Court issued: (a) an Order to Show Cause to Plaintiff, wherein the Court ordered Plaintiff to explain why this case should not be dismissed for failure to prosecute, and (b) to the extent Plaintiff wanted to file a substantive response to the Motion to Dismiss, an Order to file a response to the Motion to Dismiss. Plaintiff filed a response to the Order to Show Cause, wherein Plaintiff argued why his case should not be

---

    [1]As established at Plaintiff's deposition, Plaintiff's name is "Bassam Atweh," not Bassam Atwell. Plaintiff has not, however, filed anything with the Court to amend the caption of this case.

dismissed for failure to prosecute. Plaintiff did not respond, and still has not responded, to the Motion to Dismiss. On February 7, 2013, the Court denied the Motion to Dismiss without prejudice because National Union did not comply with a procedural step required under the Local Rules for the Eastern District of Michigan for filing a motion in this Court.

On February 15, 2013, National Union filed a Renewed Motion to Dismiss (Docket #34). As he failed to do with respect to the Motion for Dismiss, Plaintiff has failed to file any response to National Union's Renewed Motion to Dismiss. The Court notes that Plaintiff also failed to file any response to Defendant Hudson Insurance Company's Motion for Summary Judgment, even after the Court issued a similar Order to Show Cause and Order to file a response brief with respect to such Motion for Summary Judgment.

As Plaintiff has repeatedly been given the opportunity to file – but has refused to file – a brief in response to dispositive motions (including the subject matter of the instant Renewed Motion to Dismiss), the Court is not going to issue what would be a third Order to Show Cause and opportunity to file a response brief in this case – this time with respect to the Renewed Motion to Dismiss. Instead, as the Court finds that the facts and legal arguments pertinent to National Union's Renewed Motion to Dismiss to be adequately presented in the papers currently filed with the Court, the Court concludes that the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that the Renewed Motion to Dismiss be resolved on the documents submitted by the parties, without this Court entertaining oral arguments. For the reasons that follow, the Renewed Motion to Dismiss is granted.

## II. BACKGROUND

In this case, Plaintiff has pled a combined claim for no-fault and uninsured motorist benefits for injuries Plaintiff suffered in an automobile accident that occurred on November 21, 2010. On the date of the accident, Plaintiff was under dispatch from Bolt Express, LLC ("Bolt Express"), and he was driving a cargo van he had leased to Bolt Express for delivering cargo. Plaintiff had picked up a load of cargo in Michigan and was on his way to Maryland for delivery. En route, in Oregon, Ohio, Plaintiff was proceeding eastbound on Interstate 280 when a semi-tractor drifted into his lane, causing Plaintiff to strike the median wall. Plaintiff alleges that he suffered serious and disabling injuries to his skeletal system and nervous system, as well as to muscles, tendons, ligaments, nerves, and tissue in his legs, feet, knees, neck, back, shoulders, arms, hands and other parts of his body. Plaintiff also alleges a possible closed head injury. Plaintiff asserts that Defendants have paid for some of his expenses and losses but that Defendants have failed, neglected and/or refused to pay additional costs that Plaintiff has accrued and will accrue. As to National Union, Plaintiff seeks benefits due under National Union Policy No. 9116991 (the "Policy").

In the Renewed Motion to Dismiss (as in the Motion to Dismiss), National Union stated:

A. On September 20, 2012, National Union submitted Interrogatories, Request for Production, and Requests for Admission ("Discovery Requests") regarding Plaintiff's claim.

B. Responses to the Discovery Requests were due October 20, 2012, but no responses were received prior to the filing of the Motion to Dismiss (or prior to filing of the Renewed Motion to Dismiss).

C. National Union's Discovery Requests included the following Requests for Admission:

> **1. Please admit that there are no outstanding benefits owed to you under the Policy.**

*****

     5.    **Please admit that you did not seek any benefits under the Policy subsequent to May 17, 2011.**

     6.    **Please admit that you do not seek any benefits under the Policy subsequent to May 17, 2011.**

     7.    **Please admit that any and all benefits were paid by National Union pursuant to the Policy for the time period immediately following the underlying accident through May 24, 2011.**

D.    Fed.R.Civ.P. 36(a) provides that "[t]he matter is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter."

E.    Dismissal of National Union is appropriate upon admission of the above Requests for Admission, as Plaintiff admits that no benefits as to National Union are outstanding or unpaid.

WHEREFORE, Defendant National Union requests that this Honorable Court enter an Order that deems each of the requests for admission dated September 20, 2012 admitted, and as a result, dismiss Plaintiff's Complaint as to National Union, together with costs and attorney fees.

### III. LEGAL STANDARD

**A.    Rule 36**

Federal Rule of Civil Procedure 36(a) provides that "[t]he matter is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter." The Sixth Circuit has applied Rule 36 on many occasions, including instances where the admission involves the ultimate or dispositive facts of a case. *See, e.g,, Campbell v. Spectrum Automation Co.*, 601 F.2d 246, 253 (6th Cir. 1979). *See also Turk v. CitiMortgage*, 2005 WL 2090 (E.D. Mich. Aug. 29, 2005)

(citing Rule 56(c); *First Nat'l Bank Co. of Clinton, Ill. v. Ins. Co. of North America*, 606 F.2d 760, 766 (7th Cir. 1979) (citations omitted)); *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985).

**B.     Rule 56**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56[] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). A party must support its assertions by:

(A)     citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B)     showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

The moving party bears the initial burden of demonstrating the absence of any genuine dispute as to a material fact, and all inferences should be made in favor of the nonmoving party. *Celotex*, 477 U.S. at 323. The moving party discharges its burden by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325)).

Once the moving party has met its initial burden, the burden then shifts to the nonmoving

party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV. ANALYSIS

National Union asks the Court to dismiss Plaintiff's cause of action against National Union based on Plaintiff's alleged failure to comply with, the Federal Rules of Civil Procedure. For the reasons that follow, the Court finds that Plaintiff has failed to comply with Rule 36(a) and that dismissal of Plaintiff's cause of action against National Union is warranted.

As set forth above, approximately six months ago, National Union submitted Discovery Requests to Plaintiff, wherein Plaintiff was asked to admit that: (1) there were no outstanding benefits owed to Plaintiff under the Policy; (2) Plaintiff did not seek any benefits under the Policy subsequent to May 17, 2011; (3) Plaintiff does not seek any benefits under the Policy subsequent to May 17, 2011; and (4) National Union paid all benefits pursuant to the Policy from the time of the accident through May 24, 2011. After Plaintiff failed to respond to those Discovery Requests, National Union filed its Motion to Dismiss in October 2012. Plaintiff failed to respond to that Motion to Dismiss (*i.e.*, Plaintiff's second opportunity to address the Discovery Requests), so the Court ordered Plaintiff to show cause why the case shouldn't be dismissed for lack of prosecution and ordered Plaintiff to respond to the Motion to Dismiss if he so desired.

Despite the Court giving Plaintiff a second chance to respond to the Motion to Dismiss (and a third chance to address the Discovery Requests), Plaintiff did not file a response to the Motion to Dismiss. Plaintiff chose to respond only to the Order to Show Cause why the case should not be dismissed for failure to prosecute. In his response to the Order to Show Cause, Plaintiff offered an unsupported statement that "Plaintiff has answered written discovery, has appeared for and been deposed under oath regarding his claims, has appeared for an Independent Medical Examination at the behest of [National Union] and has made a settlement demand." Plaintiff did not, however, address the issue of the Discovery Requests sought by National Union. Finally, after the Court denied the Motion to Dismiss without prejudice due to a procedural deficiency, National Union filed its Renewed Motion to Dismiss (Plaintiff's fourth opportunity to address the Discovery Requests). Plaintiff again failed to respond.

Based on Plaintiff's failure to: (a) respond or object to National Union's Discovery Requests, (b) respond to National Union's Motion to Dismiss and Renewed Motion to Dismiss, (c) the Court's order allowing Plaintiff to address National Union's Motion to Dismiss, and (d) the rule of law set forth in Rule 36(a) and the cases cited by the Court in Section III.A. above, the Court finds that Plaintiff has admitted each of the matters about which National Union sought a request for admission. Specifically, the Court finds that Plaintiff has admitted, and accordingly there is no genuine dispute of material fact, that:

(1) Plaintiff did not seek any benefits under the Policy subsequent to May 17, 2011;

(2) Plaintiff does not seek any benefits under the Policy subsequent to May 17, 2011;

(3) National Union paid all benefits pursuant to the Policy from the time of the accident through May 24, 2011; and

7

   (4) There are no outstanding benefits owed to Plaintiff under the Policy.

Since: (a) Plaintiff's cause of action against National Union is limited to seeking benefits due under the Policy, and (b) Plaintiff admits that all benefits due under the Policy have been paid and that there are no outstanding benefits owed under the Policy, the Court concludes that National Union is entitled to summary judgment with respect to Plaintiff's claim against National Union. Accordingly, the Court must dismiss Plaintiff's cause of action against National Union.

## V.  CONCLUSION

Accordingly, and for the reasons set forth above, National Union's Renewed Motion to Dismiss (Docket #34) is GRANTED and Plaintiff's cause of action against National Union is DISMISSED WITH PREJUDICE. As there are no remaining claims or issues before the Court, judgment shall be entered accordingly.

 IT IS SO ORDERED.

            S/Lawrence P. Zatkoff
            LAWRENCE P. ZATKOFF
            UNITED STATES DISTRICT JUDGE

Dated: March 27, 2013